## No. 7782.

F. M. RAXEDALE ET AL. VS. FRED. SEIP, PRESIDENT POLICE JURY.

Contiguous proprietors under R. S. 2754 construed to mean those whose land actually touches the road, or through whose land the road passes. Vicinal are not necessarily contiguous proprietors.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Blackman,* J.

R. A. Hunter & Robert P. Hunter for plaintiffs and appellants :

Under the provisions of sec. 2754, Rev. Stats. of 1870, police juries cannot close, obstruct, or change public roads without the consent of the contiguous property owners.

W. C. McGimsey & James Andrews, Jr., for defendants and appellees :

The plaintiffs are not contiguous property owners such as the statute relied upon by them contemplates ; but residents of the town of Alexandria, to whom the said law gives no cause of action in the premises.

The opinion of the court was delivered by WHITE, J.

### ON MOTION TO DISMISS.

We think the amount involved in this cause is within our jurisdiction. The motion to dismiss, as also that to transfer, is denied.

### ON THE MERITS.

Certain property owners enjoin the police jury from closing an old and opening a new road in the vicinage of the town of Alexandria. Their complaint is, that the closing of the old road will seriously damage property by them owned, and that they being contiguous proprietors the road cannot be closed without their consent ; that even if this be not the case, as the old road passes along the banks of the Bayou Rapides, it cannot be closed, the bayou being a navigable stream.

We think the proof far from satisfactory as to the stream being navigable, and, if it were, know of no law compelling police juries to maintain public roads along the entire bank of all navigable streams. The road which it is proposed to close follows, as we take it, the meanderings of the stream, while the new road leaves for a while the bank, to rejoin it at no great distance.

The entire case, as we see it, turns upon the question of whether the plaintiffs are contiguous proprietors within the meaning of art. 2754 of the Revised Statutes, which forbids the closing of public roads without the consent of the contiguous property owners. We construe these words as designating those property owners through whose land the road passes ; or, at all events, whose property is actually touching on the road. This view, of course excludes property holders who, although *vicinal* are not contiguous. Some of the plaintiffs are on the face of the papers residents of the town of Alexandria. Some reside outside of the corporate limits. The first, we think, are clearly not contiguous proprietors in the sense of the statute, as they own property in the town, on its streets, and in no sense contiguous to the road. The fact that property owners in the town think that their interests would best be subserved by a road approaching the town in one direction rather than another is beyond the issue, as the general power of the police jury is not controlled by the wishes of particular individuals, but by the statute which has made the consent of the contiguous proprietors the test of their right to make the contemplated change. The proof is far from satisfactory as to whether the property owners outside of the corporate limits who are plaintiffs in this cause are contiguous in the sense we give to the word. We infer from the general drift of the testimony that they are not; yet we cannot so conclude without the risk of doing injustice. Had the diagram which it was agreed by both parties should be made by the parish surveyor and annexed to the transcript been be-

Raxedale et al. vs. Seip.

'fore us we would have been able to finally dispose of the matter. This not being the case, we think that the ends of justice require that the ·case be remanded for the purpose of ascertaining whether the plaintiffs ·or any of them are contiguous proprietors in the sense of the statute as herein above defined.

It is therefore ordered that the verdict of the jury and the judgment thereon be set aside and reversed, and that this cause be remanded 'to the lower court for further proceedings according to law and in conformity to the views herein above expressed; the costs of appeal to be 'borne by appellee, those below to abide the final result.

The Chief Justice takes no part in the decision of this cause.